UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

DANIEL J. JUNKER and
JEREMY J. SANDLIN,
    Plaintiffs

V.

DARYL MAHONEY, d/b/a
SEA TOW CAPE COD BAY,
    Defendant

Civil Action
No.

## PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Now come the Plaintiffs in the above-entitled matter and say:

### General Factual Allegations

1. The Plaintiff, Daniel J. Junker, is a resident of East Falmouth, Massachusetts.

2. The Plaintiff, Jeremy J. Sandlin, is a resident of East Falmouth, Massachusetts.

3. The Defendant, Daryl Mahoney, is a resident of Plymouth, Massachusetts.

4. The Defendant, Daryl Mahoney, at all times relevant to this Complaint, did business under the name of Sea Tow Cape Cod Bay.

5. The Plaintiff, Daniel J. Junker, was the owner and operator of the F/V RELENTLESS II, a commercial fishing vessel.

6. On September 8, 2003, the Plaintiff, Daniel J. Junker, and the F/V RELENTLESS II were fishing approximately 8 miles east of the Cape Cod Canal.

7. On September 8, 2003, the Plaintiff, Jeremy J. Sandlin, was the mate on the F/V RELENTLESS II.

8. On September 8, 2003, the rudder and propeller of the F/V RELENTLESS II

became fouled by a tail rope.

9. As a result, Plaintiff Junker contacted the Coast Guard for assistance, and was given the name of the Defendant for towing assistance.

10. An agent or employee of the Defendant named Ken arrived on the scene of the F/V RELENTLESS II in a vessel with the Sea Tow logo on it on September 8, 2003, and proceeded to set up a tow of the F/V RELENTLESS II.

11. During the course of the Sea Tow vessel's tow of the F/V RELENTLESS II on September 8, 2003, the Plaintiffs Junker and Sandlin sustained personal injuries.

12. Prior to and at the time they sustained the above mentioned personal injuries, the Plaintiffs were exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1333 and the General Maritime Law.

## COUNT I

### Daniel J. Junker v. Daryl Mahoney, d/b/a Sea Tow Cape Cod Bay

(GENERAL MARITIME LAW - NEGLIGENCE)

14. The Plaintiff, Daniel J. Junker, reiterates the allegations set forth in paragraphs 1 through 13 above.

15. The personal injuries sustained by the Plaintiff, Daniel J. Junker, were not caused by any fault on his part, but were caused by the negligence of the Defendant, his agents, servants and/or employees.

16. As a result of said injuries, the Plaintiff, Daniel J. Junker, has suffered pain of

body and anguish of mind, property damage to the F/V RELENTLESS II and other property, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

17. This cause of action is brought under the General Maritime Law.

WHEREFORE, the Plaintiff, Daniel J. Junker, demands judgment against the Defendant, Daryl Mahoney, d/b/a Sea Tow Cape Cod Bay, in the amount of $1,000,000.00, together with interest and costs.

## COUNT II

### Jeremy J. Sandlin v. Daryl Mahoney, d/b/a Sea Tow Cape Cod Bay

(GENERAL MARITIME LAW - NEGLIGENCE)

18. The Plaintiff, Jeremy J. Sandlin, reiterates the allegations set forth in paragraphs 1 through 13 above.

19. The personal injuries sustained by the Plaintiff, Jeremy J. Sandlin, were not caused by any fault on his part, but were caused by the negligence of the Defendant, his agents, servants and/or employees.

20. As a result of said injuries, the Plaintiff, Jeremy J. Sandlin, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

21. This cause of action is brought under the General Maritime Law.

WHEREFORE, the Plaintiff, Jeremy J. Sandlin, demands judgment against the Defendant, Daryl Mahoney, d/b/a Sea Tow Cape Cod Bay, in the amount of $1,000,000.00, together with interest and costs.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS I AND II.

Respectfully submitted for the Plaintiffs,
Daniel J. Junker and Jeremy J. Sandlin,
by their attorney,

David J. Berg, Esq.
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
617-523-1000

Dated: 2/7/04

4

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL J. JUNKER and<br>JEREMY J. SANDLIN,<br>Plaintiffs<br><br>V.<br><br>DARYL MAHONEY, d/b/a<br>SEA TOW CAPE COD BAY,<br>Defendant | Civil Action<br><br>No. _____ |

## SEAMAN'S AFFIDAVIT

I, David J. Berg, attorney for the Plaintiffs in the above-entitled action, do on oath depose and say as follows:

1. The Plaintiffs, Daniel J. Junker and Jeremy J. Sandlin, in the above entitled action, were seamen and claim the benefits of the United States Code, Title 28, Section 1916, which provides that:

"In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor"

_____
David J. Berg
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 2/7/04

## COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

Subscribed and sworn to before me this 9th day of February, 2004

_____ My commission expires 9-22-06
Notary Public